IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. _____

MYRNA EISENBERG, Individually and )
on Behalf of All Others Similarly Situated, )
                                                 )
            Plaintiffs, )
                                                 )
v. )
                                                 )
MCNEIL CONSUMER HEALTHCARE, )
a Division of MCNEIL-PPC, INC., )
                                                 )
            Defendant. )
                                                 )

**DEFENDANT MCNEIL CONSUMER HEALTHCARE'S
NOTICE OF REMOVAL OF CIVIL ACTION**

PLEASE TAKE NOTICE that Defendant, McNeil Consumer Healthcare ("McNeil" or "Defendant"), pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, hereby removes this action and states as follows:

1.     Removed Case. On July 26, 2010, Plaintiffs commenced a putative class action in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, styled *MYRNA EISENBERG, Individually and on Behalf of All Others Similarly Situated, v. MCNEIL CONSUMER HEALTHCARE, a Division of MCNEIL-PPC, INC.*, Case No. 10-30400. In their Complaint, Plaintiffs purport to assert two causes of action: (i) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201, *et seq.*; and (ii) breach of express warranty. Defendant was served with Summons and a copy of the Complaint on July 30, 2010. On that same date, Plaintiffs also served McNeil with a First Set of Interrogatories, a First Requests for Production, and a First Set of Requests for Admissions.

2. <u>Attachment of State Court Documents</u>. True and correct copies of all process, pleadings, and papers on file with the Clerk of the Circuit Court in and for Broward County, Florida, including specifically the Summons, Complaint and Plaintiffs' discovery requests, are attached hereto as Exhibit A.

3. <u>Bases for Removal</u>. This is a civil action over which this Court has original diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This Court also has jurisdiction over this matter because Plaintiffs' claims necessarily present substantial questions of federal law.

4. *Class Action Fairness Act*. This Court has original jurisdiction over this action because (i) it is a putative class action, (ii) all Plaintiffs are citizens of a different state than defendant, and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2).

    a. Named Plaintiff Myrna Eisenberg is a Florida resident, Compl. ¶ 20, who seeks to represent a class of Florida residents defined as "[a]ll persons who purchased Tylenol® PM in the State of Florida," Compl. ¶ 27.

    b. Defendant is incorporated in New Jersey and has its principal place of business in Fort Washington, Pennsylvania. Compl. ¶ 21.

    c. Plaintiffs' claim for relief includes a request for "restitution and disgorgement of Defendant's revenues to Plaintiff and the proposed Class members." Prayer for Relief at ¶ C. Plaintiffs further allege that "Tylenol® PM had sales of $94.5 million, between April 2009 and April 2010." Compl. ¶ 17. Plaintiffs seek restitution and disgorgement of

      McNeil's Tylenol® PM revenues derived from sales in Florida (which accounts for approximately 5.68 percent of U.S. population)[1], but Plaintiffs do not limit the time period for which they seek these damages. Consequently, even a conservative extrapolation from the allegations in the Complaint, demonstrates that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $5 million.[2] *See Roe v. Michelin North America, Inc.*, __ F.3d __, 2010 WL 3033802, *2 (11th Cir. Aug. 5, 2010) ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable.").

    d. Defendant is aware of the Eleventh Circuit's opinion in *Cappuccitti v. DirecTV, Inc.*, which recently became the only circuit court of appeals decision holding that at least one plaintiff must meet the $75,000 amount in controversy requirement to maintain a CAFA action. __ F.3d __, 2010 WL 2803093, *3 (11th Cir. July 19, 2010) ("No court of appeals case of

---

[1] *See* U.S. Census Bureau, 2000 Census Geographic Comparison Table, *available at* http://factfinder.census.gov/servlet/GCTTable?_bm=y&-geo_id=%200%201000US&-_box_head_nbr=GCT-PH1-R&-ds_name=DEC_2000_SF1_U&-format=US-9S (listing total U.S. population at 281,421,906 and Florida population at 15,982,378). Results from the 2010 Census are not yet available.

[2] Indeed, 5.68 percent of the national $94.5 million sales figure amounts to $5,367,600 *during the period from April 2009 through April 2010 alone*. Thus, the disgorgement amount sought by Plaintiffs — which is not limited in time — clearly exceeds the jurisdictional minimum.

which we are aware has expressly held that at least one plaintiff must meet the § 1332(a) amount in controversy requirement to maintain an original CAFA action."). First, *Cappuccitti* is not directly on point, as that case did not arise in the removal context. The panel explained that it was interpreting the "jurisdictional requirements CAFA imposes on a putative class action *originally filed* in federal court (an 'original CAFA action')." *Cappuccitti*, 2010 WL 2803093, at *2 (emphasis added). Additionally, *both* the plaintiff and defendant in that case have petitioned for *en banc* review of the court's holding on the CAFA amount-in-controversy issue, and a decision on the petition is imminent. *See Cappuccitti v. DirecTV, Inc.*, Docket No. 09-14107 (11th Cir.). Under Eleventh Circuit Rule 35-11, "the effect of granting a rehearing en banc is to vacate the panel opinion and to stay the mandate." Given the novel nature of the panel's holding in *Cappuccitti*, *see* ¶ 5(e) *infra*, and the unsettled status of the law on this issue, it is likely that *en banc* review will be granted.

e. Moreover, the panel holding in *Cappuccitti* is inconsistent with case law from the Supreme Court, as well as every other circuit, where courts have exercised jurisdiction under CAFA, without questioning subject matter jurisdiction, in cases where the $5 million aggregate amount in controversy was met and the individual class members' claims were far less than $75,000. *See e.g., Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1436-37 (2010) (expressly rejecting

lower court's reasoning that it lacked CAFA jurisdiction based on fact that class representative's individual claim was for $500; "[Plaintiff] had asserted jurisdiction under 28 U.S.C. § 1332(d)(2), which relaxes, for class actions seeking at least $5 million, the rule against aggregating separate claims for calculation of the amount in controversy."); *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 42-43 (1st Cir. 2009) (individual claims for about $200 in unrefunded premiums for credit insurance policies purchased in conjunction with auto loans); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (individual claims for Blockbuster late fees); *Kaneff v. Delaware Title Loans, Inc.*, 587 F.3d 616, 620 (3d Cir. 2009) (individual claims for a few hundred dollars in interest on loans to low-income borrowers); *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (individual claims for $200 in statutory damages); *Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 324 (5th Cir. 2008) (individual claims for $1,500 in statutory damages); *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 759 n.5 (6th Cir. 2008) (individual claims for $650 in interest added to school loan balances); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) (individual claims for $1,500 in statutory damages); *Hooper v. Advance America, Cash Advance Ctrs. of Mo., Inc.*, 589 F.3d 917, 920 (8th Cir. 2009) (individual claims for interest on payday loans); *Birdsong v. Apple, Inc.*, 590 F.3d 955, 957 n.1 (9th Cir. 2009) (individual claims for purchase

price of iPod); *US Fax Law Ctr., Inc. v. iHire, Inc.*, 476 F.3d 1112, 1116-17 (10th Cir. 2007) (individual claims for $1,500 in statutory damages); *Shaw v. Marriott Int'l, Inc.*, 605 F.3d 1039, 1041 (D.C. Cir. 2010) (individual claims for about $65 in damages related to currency conversion practices in calculating the price of hotel rooms).

5. *Federal Question Jurisdiction.* This Court also has original jurisdiction over this case because Plaintiffs' purported state-law claims necessarily present substantial questions of federal law. *See e.g., Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) (holding that federal courts may hear cases "in which a well-pleaded complaint establishes…that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law").

    a. Here, Plaintiffs allege that McNeil violated FDUTPA and breached express warranties "created by Defendant's advertising, including its labeling." Compl. ¶ 19. Thus, Plaintiffs' right to relief necessarily depends upon the whether McNeil properly labeled and marketed Tylenol® PM. *See also* Compl. ¶¶ 8-9 (alleging Defendant's claims "[a]s advertised on the packaging," that Tylenol® PM should be used as a sleep aid were "completely false and deceptive"); ¶ 13 (alleging "Defendant conveyed and continues to convey deceptive claims about Tylenol® PM through a variety of media, including television, newspapers, magazines, direct mail, the Internet, point-of-sale displays and on the product's labels and labeling"); ¶ 51 (alleging Defendant breached express warranty, the terms of which "include the

    promises and affirmations of fact made by Defendant on its product labels and through its marketing campaign").

   b. However, the labeling and marketing of drugs is a matter of federal law. *See, e.g.*, *Mills v. Warner-Lambert Co.*, 581 F. Supp. 2d 772, 782 (E.D. Tex. 2008) ("The FDA specifically regulates all drug labeling, including 'all written, printed, or graphic matter' used in marketing the drug."); 21 C.F.R. § 1.3(a). This is true for both prescription drugs and over-the-counter ("OTC") drugs. *Mills*, 581 F. Supp. 2d at 784; *see also* 21 C.F.R. § 330.1. Section 330.1 expressly regulates labeling of OTC drugs, 21 C.F.R. § 330.1(c), as well as advertising, 21 C.F.R. § 330.1(d). In fact, the Food Drug and Cosmetic Act ("FDCA") contains a provision expressly preempting application of state law to claims concerning OTC drugs. 21 U.S.C. § 379r(a). Therefore, Plaintiffs' right to relief necessarily depends on the application of federal law.

6. <u>Venue</u>. The U.S. District Court for the Southern District of Florida is the federal district embracing the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, where this action was commenced. *See* 28 U.S.C. § 89(c). Therefore, venue is proper in this district. 28 U.S.C. § 1441(a).

7. <u>Timeliness of Removal</u>. The instant Notice of Removal of Civil Action is timely, pursuant to 28 U.S.C. 1446(b), because it is being filed within thirty (30) days of service of the Summons and Complaint on Defendant.

8. <u>Notice Given to the State Court</u>. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to Plaintiffs' counsel and to the

Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, a copy of which is attached hereto as Exhibit B.

Dated:   August 27, 2010

                Respectfully submitted,
                **HUNTON & WILLIAMS LLP**

By:   /s/  Paulo R. Lima
      Samuel A. Danon
      Florida Bar No. 892671
      Paulo R. Lima
      Florida Bar No. 0064364
      1111 Brickell Avenue, Suite 2500
      Miami, FL 33131
      Tel:  (305) 810-2500
      Fax:  (305) 810-2460
      Email:  sdanon@hunton.com
      Email:  plima@hunton.com

*Attorneys for Defendant McNeil Consumer Healthcare*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 27, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified below, via facsimile and first-class mail:

Stuart A. Davidson
Cullin A. O'Brien
Mark Dearman
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Fax: (561) 750-3364
*Counsel for Plaintiffs*

                                               /s/ Paulo R. Lima
                                               For Hunton & Williams LLP